# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALESSA BUITRON,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. LA CV 14-3581 JCG<br><br>**JUDGMENT** |

For the reasons set forth in the accompanying Order of Remand, judgment is entered in Plaintiff's favor and this case is **REMANDED** to the Commissioner for proceedings consistent with the Ninth Circuit's March 13, 2017 judgment.

DATED: 5-10-2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALESSA BUITRON,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>Defendant-Appellee. | No. 15-56165<br><br>D.C. No. 2:14-cv-03581-JCG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jay Gandhi, Magistrate Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

Before: SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

Alessa Buitron appeals the district court's decision affirming the Commissioner of Social Security's denial of Buitron's application for child insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. To be eligible for the child's insurance benefits she seeks, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claimant must have a disability that began before the age of twenty-two. 42 U.S.C. § 402(d)(1)(B). Buitron claims disability due to depression, borderline intellectual functioning and learning disabilities, as well as attention deficit hyperactivity disorder ("ADHD"), with an onset date of June 1, 2005, when she was thirteen. She has engaged in no gainful employment since that time.

Our law is clear that an Administrative Law Judge ("ALJ") may not reject a treating doctor's opinion without providing specific and legitimate reasons for doing so. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). In his decision, after stipulated remand from the district court, the ALJ effectively rejected the opinions of Buitron's three treating or examining doctors. The first was Dr. Thurber, who saw Buitron fifteen times between 2008 and 2010. Dr. Thurber rated Buitron's skills as "poor to none" with respect to maintaining attention for two hours, making simple work-related decisions, and asking simple questions. Dr. Thurber described Buitron's condition after treatment for mood disorders as "still very impaired in adult life skills and social skills."

The ALJ in this case did not expressly reject Dr. Thurber's opinion, but he mischaracterized it as consistent with the opinion of the consulting examiner, Dr. Portnoff, who had opined that Buitron had at most moderate limitations. Their

opinions are not consistent. Dr. Thurber's opinion does not support a denial of benefits. Dr. Portnoff's opinion alone does not constitute substantial evidence.

Dr. Milestone, who succeeded Dr. Thurber as treating physician, diagnosed Buitron with Asperger's Disorder and Generalized Anxiety Disorder, noting she would often have deficiencies of concentration. Dr. Milestone rated Buitron's skills as "significantly limited but not precluded" with respect to maintaining attention for two hours. The ALJ similarly and incorrectly characterized this opinion as consistent with Dr. Portnoff's.

Dr. Witt, a clinical psychologist, evaluated Buitron after administering a battery of tests that indicated an IQ of 76 and depression, with attention impulsivity scores falling into a range of less than the first percentile of the population. He concluded that it was "unlikely" that she could "obtain employment and function effectively in a job environment" due to "interpersonal, behavior, and executive/processing difficulties." The ALJ discounted Dr. Witt's opinion of severe limitations by looking only to selective tests. Overall, the results of Dr. Witt's testing show severe dysfunction. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

The ALJ did not provide legitimate reasons for disregarding the opinions of the treating or examining doctors. Moreover, the lay witnesses corroborated the

3

treating physicians' assessment of Buitron's inability to work, and the ALJ improperly discounted this factual testimony as biased. *See Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony."); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (An ALJ "must give reasons that are germane to each [lay] witness").

The parties stipulated to a remand from a previous appeal to the district court in order to amplify the record, and we must regard the record in this case as complete. The ALJ erred in discounting or mischaracterizing the evidence of the treating doctors, as well as the lay witnesses, whose opinions and testimony all support an award of benefits. Since further proceedings would not be useful, we conclude Buitron is entitled to benefits. *See Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir. 1984).

The judgment of the district court is therefore **REVERSED** and the case **REMANDED** with instructions to remand to the agency for calculation of benefits.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALESSA BUITRON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner Social Security, <br><br> Defendant - Appellee. | No. 15-56165 <br><br> D.C. No. 2:14-cv-03581-JCG <br> U.S. District Court for Central California, Los Angeles <br><br> **MANDATE** |

The judgment of this Court, entered March 13, 2017, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellee in the amount of $302.20.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Jessica F. Flores Poblano
Deputy Clerk
Ninth Circuit Rule 27-7